**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Case No. 98-cr-107 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| Reginald Miles. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

In 1999, Reginald Miles, now a 73-year-old man, received a mandatory life sentence under the federal three strikes law, 18 U.S.C. § 3559(c)(1) (West eff. Oct. 29, 1994), after a jury convicted him on charges of attempted bank robbery and a related firearms offense. Miles moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on a host of medical diagnoses reflected in his prison medical records, including a Hepatitis C diagnosis, a 2020 COVID-19 diagnosis (from which he has recovered), multiple strokes since 2017, documented incidents of chest palpitations in 2020, and the fact that, as a result of one or more of these conditions, he is presently too unsteady for a walker and is assisted by a wheelchair. *See* ECF No. 104 at 2–4. Miles argues that these conditions furnish "extraordinary and compelling reasons" to reduce his sentence under 18 U.S.C. § 3852(c)(1)(i).

This court ordered the parties to brief how § 3582(c)(1)(A)(i) interacts with the next clause of the statute, which sets out a specific rule for reducing the sentence of a defendant who, like Miles, is serving a life sentence under the federal three strikes law. *See* Briefing Order, ECF No. 120. For three strikes defendants, the court may grant a sentence reduction if:

> the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [the three strikes law], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g).

§ 3582(c)(1)(A)(ii).  The parties agree that Miles does not meet these eligibility criteria because

he has not served at least 30 years of his sentence and because he has not received a certificate of

non-dangerousness from the Director of the Bureau of Prisons ("BOP").  For the following

reasons, the court concludes that Miles's ineligibility for a sentence reduction under the specific

criteria Congress set out for three strikes offenders precludes him from obtaining compassionate

release under the statute's more general "extraordinary and compelling reasons" clause.

## I.  Background

### A.  Prior proceedings

This court's opinion denying Miles's 28 U.S.C. § 2255 motion set out the pertinent

factual and procedural history.  *See United States v. Miles*, 2022 WL 1238929, at *1–3 (N.D. Ill.

Apr. 27, 2022).  The two-count indictment against Miles stemmed from an attempted armed bank

robbery that occurred on February 9, 1998.  Count I charged him with attempted armed bank

robbery in violation of 18 U.S.C. § 2213(a) and (d).  Indictment 1, ECF No. 10.  Count II alleged

a violation of 18 U.S.C. § 924(c)(1), using a firearm in furtherance of a crime of violence.  *Id.*

at 2.

The government also notified Miles before trial that it intended to rely on the instant

offense and five prior convictions as predicate serious violent felonies under the three strikes law

(Information, ECF No. 53); *see also Miles*, 2022 WL 1238929 at *2–3 (listing alleged predicate

offenses).  As relevant to this case, a person must be sentenced to life under the three strikes law

if "the person has been convicted (and those convictions have become final) on separate prior

occasions in a court of the United States or of a State of 2 or more serious violent felonies."

18 U.S.C. § 3559(c)(1)(A)(i).  The term "serious violent felony" means:

> (i) a Federal or State offense, by whatever designation and wherever committed,
> consisting of murder; manslaughter other than involuntary manslaughter; assault
> with intent to commit murder; assault with intent to commit rape; aggravated sexual

abuse and sexual abuse; abusive sexual contact; kidnapping; aircraft piracy; robbery (as described in section 2111, 2113, or 2118); carjacking; extortion; arson; firearms use; or attempt, conspiracy, or solicitation to commit any of the above offenses; and

(ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.

18 U.S.C. § 3559(c)(2)(F) (some internal citations omitted). Courts commonly refer to the first clause, listing several specific offenses, as the enumerated offenses clause, and the second clause as the residual clause. *See, e.g.*, *Haynes v. United States*, 873 F.3d 954, 955 (7th Cir. 2017). A jury convicted Miles after a one-week trial. This court imposed a mandatory life sentence under the three strikes law, and the Seventh Circuit affirmed. *United States v. Miles*, 207 F.3d 988, 989 (7th Cir. 2000).

This court recently dismissed Miles's § 2255 collateral attack on his conviction. *Miles*, 2022 WL 1238929, at *5. Miles challenged the sufficiency of the charges used as predicates for imposing a life sentence under the federal three strikes law. *See id.* at *3–5. This court found that the robbery conviction in the instant case and his two prior Illinois robbery convictions remain valid predicate "strikes" for his mandatory life sentence. *Id*. at *5 (relying on *Stokeling v. United States*, 139 S. Ct. 544 (2019) and *Klikno v. United States*, 928 F.3d 539 (7th Cir. 2019)).

### B. Compassionate release motion

Miles has served approximately 24 years[1] of his sentence and is presently incarcerated in the medical center at USP McCreary in Pine Knot, Kentucky. In October 2020, Miles asked the court to appoint counsel to bring a compassionate release motion on his behalf due to the risk to

---

1   This calculation is based upon Miles's arrest date of February 13, 1998. Miles has been in custody since that date. *See* Presentence Report at 1.

his health posed by the COVID-19 pandemic.  *See* ECF Nos. 92, 93.  This court appointed a lawyer for Miles.  ECF No. 94.  As supplemented by his appointed lawyer, Miles's request for compassionate release focuses not on the COVID-19 pandemic but rather on his advanced age, his serious medical conditions, and his release plan to live with his brother "or perhaps another family member."  *See* ECF No. 104 at 2–4 (quotation on p. 3).  Miles further argues that he has served a significant sentence and that he presents no danger to the community in light of his advanced age and medical condition.  ECF No. 104 at 5–6.

According to Miles's prison medical records filed under seal, he has been diagnosed with, and is being treated for, the following chronic or ongoing medical conditions: hemiparesis (chronic weakness on one side of the body, *see Hemiparesis*, Stedman's Medical Dictionary, Westlaw (database updated Nov. 2014)); hypertension; hyperlipidemia; vitamin D deficiency; and mild, age-related cataracts.  *See* ECF No. 123-1 at 8-10 (Chronic Care Clinic encounter on Dec. 13, 2021); *id.* at 17-18 (Optometry Exam encounter on July 2, 2021).  Miles's medical history includes prostate cancer (treated in 2010), Hepatitis C (successfully treated in 2019), and COVID-19 infection, from which he has apparently recovered.  ECF No. 123-1 at 32, 35.  Miles suffered a major stroke on November 2, 2017.  ECF No. 102 at 77.  He subsequently experienced an attack described in his briefing as a stroke precursor, a transient ischemic attack or TIA, on September 8, 2020.  *See* Supp. Br. 2, ECF No. 104; ECF No. 102 at 125–27.  Since the TIA, Miles has been experiencing weakness on his left side and has been using a wheelchair for mobility.  Supp. Br. 2; *see also* ECF No. 102 at 3.  As of May 5, 2022, Miles's treatment and diagnosis remain ongoing.  *See* ECF No. 123-1 at 1, 11, 64–67.

## II.  Analysis

With three statutory exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *United States v. Sutton*, 962 F.3d 979, 983 (7th

Cir. 2020). Miles relies on what is commonly called the compassionate release statute,

§ 3582(c)(1)(A)(i), as the source of the court's authority to reduce his sentence. In context, and

as amended by the First Step Act of 2018, the compassionate release provision on which Miles

relies reads:

> **Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
>> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>>> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>>
>>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . .

18 U.S.C. § 3582(c)(1)(A)(1) (West 2022).

Because Miles is serving a mandatory life sentence under the federal three strikes law,

this court directed the parties to brief a statutory interpretation question. ECF No. 120 at 2.

"Specifically," the court asked, "if Miles does not meet the criteria for a reduction of his

§ 3559(c) life sentence, can his sentence nevertheless be reduced under the general

compassionate release provision, § 3582(c)(1)(A)(i)?" *Id.*

5

The parties' supplemental briefing provides very little assistance in answering the question posed by the court. The government does not analyze the statutory scheme but instead contends only that Miles is ineligible for a sentence reduction under § 3582(c)(1)(A)(ii). *See* ECF No. 124 at 16. No argument is made concerning what, if anything, that means for Miles's motion under the general compassionate release provision, § 3582(c)(1)(A)(i). *See id.* Miles devotes a single sentence of argument to this question. *See* ECF No. 121 at 2. He does not dispute that he is ineligible for a sentence reduction under § 3582(c)(1)(A)'s second clause because he has not served 30 years of his sentence and has not obtained the required certificate from the Director of Bureau of Prisons. *See id.* He asserts that the disjunction "or" at the end of the statute's first clause demonstrates that the two clauses operate independently of each other. *See id.*

It is not entirely clear whether the government agrees with Miles's reading of § 3582(c)(1)(A), but the government has offered no alternative construction. Regardless, a court need not "accept an interpretation of a statute simply because it is agreed to by the parties." *Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 56 (2006). Rather, the court's "task is to construe what Congress has enacted." *Id.* (quoting *Duncan v. Walker*, 533 U.S. 167, 172 (2001)).

When interpreting a statute, courts "always begin with the text and 'give effect to the clear meaning of statutes as written.' " *Nielen-Thomas v. Concorde Inv. Servs., LLC*, 914 F.3d 524, 528 (7th Cir. 2019) (quoting *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1010 (2017)). A statute must be read " 'as a whole' rather than 'as a series of unrelated and isolated provisions.' " *Id.* (quoting *Arreola-Castillo v. United States*, 889 F.3d 378, 386 (7th Cir. 2018)).

6

Miles argues that the presence of the disjunction "or" between the two clauses of § 3582(c)(1)(A) demonstrates that Congress intended the two clauses to operate entirely separate from each other.[2]  *See* ECF No. 121 at 2.  As the Seventh Circuit has noted, "there are dangers in attempting to rely too heavily on characterizations such as 'disjunctive' form versus 'conjunctive' form to resolve difficult issues of statutory construction."  *Kelly v. Wauconda Park Dist.*, 801 F.2d 269, 270 n.1 (7th Cir. 1986), *abrogated on other grounds by Mount Lemmon Fire Dist. v. Guido*, 139 S. Ct. 22 (2018).  So, while "words such as 'and,' 'or,' or 'also' are often helpful keys to unlocking Congress's intent," courts must not lose sight of the statute as a whole. *Id.*; *see also De Sylva v. Ballentine*, 351 U.S. 570, 573–74 (1956).

This court agrees that the word "or" terminating § 3582(c)(1)(A)(i) should be read in its ordinary sense as a disjunction.  *See Loughrin v. United States*, 573 U.S. 351, 357 (2014) (citing *United States v. Woods*, 571 U.S. 31, 45 (2013)).  But that does not resolve the interpretative problem, which arises from the text of the two clauses and the statute's structure.  The first clause of § 3582(c)(1)(A) specifies a general criterion—"extraordinary and compelling reasons"—for reducing any sentence, facially including a mandatory life sentence imposed under the three strikes law.  § 3582(c)(1)(A)(i).  The second clause, by contrast, applies only to defendants serving a three strikes sentence under 18 U.S.C. § 3559(c) and authorizes a sentence reduction only if: (1) the applicant is at least 70 years old; (2) the applicant has served at least 30 years in prison for the offense or offenses for which the applicant is imprisoned;; and (3) the Director of the Bureau of Prisons has certified that the applicant is not a danger to any other person or the

---

2   Congress inadvertently omitted the word "or" when it added § 3582(c)(1)(A)(ii) in 1994.  *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103–322, § 70002, 108 Stat. 1796. Two years later, Congress passed a bill retroactively adding the word "or" to the end of § 3582(c)(1)(A)(ii), as part of a set of technical and stylistic corrections.  *See* Economic Espionage Act of 1996, Pub. L. No. 104-294, § 604(b)(3).

community.  § 3582(c)(1)(A)(ii).  Miles satisfies only the first of those requirements, but he contends that he may nevertheless resort to the more general first clause to obtain a sentence reduction.

As Miles reads it, the text of § 3582(c)(1)(A) raises a common statutory interpretation problem: the broad rule of the first clause renders the second clause surplusage.  A construction that renders the words of a specific rule such as § 3582(c)(1)(A)(ii) "meaningless" is disfavored. *Garcia v. Sessions*, 873 F.3d 553, 557 (7th Cir. 2017) (quoting *In re Baker*, 430 F.3d 858, 860 (7th Cir. 2005)).  Rather, a settled canon of statutory interpretation referred to as the general/specific canon resolves the tension between the statute's two clauses:

> It is an old and familiar rule that, where there is, in the same statute, a particular enactment, and also a general one, which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment.  This rule applies wherever an act contains general provisions and also special ones upon a subject, which, standing alone, the general provisions would include.

*RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 646 (2012) (quoting *United States v. Chase*, 135 U.S. 255, 260 (1890)).

The specific/general canon operates even where, as here, "the entirety of the specific provision is a 'subset' of the general one."  *Id.* at 648.  Applying the specific/general canon to § 3582(c)(1)(A) leads to a straightforward result: the first clause ("extraordinary and compelling reasons") does not authorize the court to reduce Miles's sentence because the second clause applies to him (he is serving a three strikes life sentence under § 3559(c)), and he does not satisfy the second clause's three gateway requirements for a sentence reduction.

"Resort to the legislative history . . . is only necessary if the language of the statute is ambiguous; if the statutory language is clear, then the legislative history is only relevant if it shows a clear intent to the contrary."  *Five Points Rd. Joint Venture v. Johanns*, 542 F.3d 1121,

8

1128 (7th Cir. 2008) (citing *United States v. Shriver*, 989 F.2d 898, 901 (7th Cir. 1992)); *see also*

*Middleton v. City of Chicago*, 578 F.3d 655, 658 (7th Cir. 2009) (citing *Lamie v. United States*

*Tr.*, 540 U.S. 526, 534 (2004)). The text here is clear in light of the general/specific canon, and a

cursory review of the legislative history of § 3582(c)(1)(A)(ii) reveals no evidence of contrary

Congressional intent.[3] One possible objection might come from the order in which Congress

enacted the two clauses of § 3582(c)(1)(A). Congress enacted the first, more general clause in

1984. Sentencing Reform Act of 1984, Pub. L. No. 98–473, § 212, 98 Stat. 1837 (amended by

the First Step Act of 2018, Pub. L. No. 115–391, § 603, 132 Stat. 5194, 5239–41 (Dec. 21,

2018)). The second clause was added in 1994 as part of the three strikes law. *See* Violent Crime

Control and Law Enforcement Act of 1994, Pub. L. No. 103–322, § 70002, 108 Stat. 1796; *see*

*also generally United States v. Brooker*, 976 F.3d 228, 231–34 (2d Cir. 2020) (discussing the

history of the compassionate release statute and § 3582(c)(1)(A)). The Supreme Court has held

more than once that the specific/general canon applies regardless of the order in which the

general and specific clauses were enacted, absent a clear Congressional intent to the contrary.

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (citing *Radzanower v.*

*Touche Ross & Co.*, 426 U.S. 148, 153 (1976)); *Busic v. United States*, 446 U.S. 398, 406 (1980)

(citing *Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973)); *see also FDA v. Brown & Williamson*

*Tobacco Corp.*, 529 U.S. 120, 143 (2000) (citing *United States v. Estate of Romani*, 523 U.S.

517, 530–31 (1998)). This court discerns no clear contrary intent in the language Congress used

when it enacted § 3582(c)(1)(A)(i).

---

3  *See generally* H.R. Rep. No. 103-711 (1994) (Conf. Rep.), as reprinted in 1994 U.S.C.C.A.N. 1839;
H.R. Rep. No. 103-694 (1994) (Conf. Rep.); H.R. Rep. No. 103-322 (1993) (Conf. Rep.), as reprinted
in 1994 U.S.C.C.A.N. 1801.

Finally, the court looks to case law construing the statute. The Fourth Circuit surveyed the specific grants of sentence reduction authority in § 3582(c)(1)(A), including the clauses at issue here, in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Consistent with the specific/general canon, the *McCoy* court stated: "Section 3582(c)(1)(A)(i), by contrast, uses more open-ended language to capture cases that do not fall within those [other more general] provisions but meet the heightened 'extraordinary and compelling' standard." *Id.* at 276 n.1 (dictum as to § 3582(c)(1)(A)(i)). This court has located one other decision directly considering how the two clauses of § 3582(c)(1)(A) interact.[4] The relative scarcity of case law may result from the fact that prisoners could not file compassionate release motions before the enactment of the First Step Act of 2018. In *Levine v. Fed. Bureau of Prisons*, 245 F. Supp. 3d 149 (D.D.C. 2017), a prisoner used the Administrative Procedure Act to challenge the BOP's decision not to file a motion for sentence reduction under either clause of § 3582(c)(1)(A). In the course of his analysis, Judge Sullivan read the second clause of § 3582(c)(1)(A) as limiting the first, consistent with the specific/general canon. *See id.* at 153 & n.1. These cases lend further support to this court's reading of § 3582(c)(1)(A).

For all of these reasons, Miles is ineligible for a sentence reduction under § 3582(c)(1)(A)(ii) because he has not served at least 30 years of his life sentence and because he has not obtained a certificate from the Director of the Bureau of Prisons under § 3142(g) that he is not a danger to the community or any other person. Because Congress intended the criteria of

---

4    Without analyzing the text and structure of the statute as a whole, several district courts have weighed the defendant's three strikes life sentence among the § 3553 sentencing factors when considering a compassionate release motion based on extraordinary and compelling reasons. *United States v. Snype*, 2021 WL 1178238, at *2–3 (S.D.N.Y. Mar. 29, 2021), collects several such decisions. Except for the cases cited in the text, this court has not found a case performing a statutory interpretation analysis of § 3582(c)(1)(A) as it relates to a defendant serving a life sentence under § 3559(c).

§ 3582(c)(1)(A)(ii) to be the exclusive criteria for reducing the sentences of three strikes defendants serving a mandatory life sentence, this court has no authority to reduce Miles's sentence for extraordinary and compelling reasons under § 3582(c)(1)(A)(i).  Consequently, the court does not need to determine whether Miles has demonstrated an extraordinary and compelling reason for a sentence reduction.  Reginald Miles's motion for compassionate release is denied.

Dated:  June 21, 2022

_____/s/_____
Joan B. Gottschall
United States District Judge